OPINION
Defendant-appellant Joseph Hiles appeals his sentence of 90 days incarceration on one count of driving without an operator's license, in violation of R.C. 4507.05(A)(1), in the Delaware County Municipal Court. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
On June 15, 1997, Officer Rose of the Delaware Police Department cited appellant for driving without an operator's license, in violation of Delaware Municipal Ordinance 335.01(A). At his arraignment on July 10, 1997, appellant entered a plea of not guilty to the charge. Appellant demanded a jury trial. The trial court set the matter for jury trial on September 16, 1997.
On September 16, 1997, the State requested a continuance because several witnesses were unavailable. The trial court rescheduled the trial for November 14, 1997. On that day, after being advised by the court of the charge against him and the maximum penalty it carries, appellant withdrew his plea of not guilty, and pled guilty to one count of driving without an operator's license, in violation of R.C. 4507.05(A)(1).
The trial court sentenced appellant to 90 days incarceration. The court ordered the sentence to be effective immediately. It is from that sentence appellant prosecutes this appeal, raising the following assignment of error:
 THE LOWER COURT WAS IN ERROR TO NOT PROPERLY CONSIDER FACTORS TO BE USED IN DETERMINATION WHETHER INCARCERATION SHOULD BE IMPOSED FOR MISDEMEANOR. ORC SECTION 2929.12(C) ENUMERATES SEVEN FACTORS TO BE CONSIDERED IN INCARCERATING A DEFENDANT FOR A MISDEMEANOR. AS FIVE ARE IN FAVOR OF NON-INCARCERATING, IT IS STRENUOUSLY ARGUED THAT 90 DAYS INCARCERATION WAS EXCESSIVE FOR THE CRIME COMMITTED.
In his sole assignment of error, appellant argues his sentence was excessive in light of the applicable sentencing guidelines enumerated in R.C. 2929.12.
The standard of review is abuse of discretion. An abuse of discretion occurs where the trial court's attitude is unreasonable, arbitrary, or unconscionable, it connotes more than an error of law or judgment. State v. Unger (1981), 67 Ohio St.2d 65, paragraph one of the syllabus. The trial court is entitled to great discretion in sentencing as long as its sentence is within the minimum and maximum guidelines delineated by statute.
The record reveals appellant had four prior convictions for driving without an operator's license. The maximum penalty for a violation of R.C. 4507.5(a)(1) is six months incarceration. Appellant was sentenced to 90 days incarceration, well under the maximum.
Upon review of the record, we find the trial court did not abuse its discretion in sentencing appellant to 90 days incarceration.
Accordingly, appellant's sole assignment of error is overruled.
The judgment of the Delaware County Municipal Court is affirmed.
By: Hoffman, J., Gwin, P.J. and Wise, J. concur.
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Delaware County Municipal Court is affirmed. Costs assessed to appellant.